IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**JOSE CRUZ ARELLANO,**

      Petitioner,

v.                                                           No. CV 12-0112 MCA/LAM

**RAY TERRY, Warden of Otero County
Processing Center, et al.,**

      Respondents.

**ORDER ADOPTING PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**THIS MATTER** is before the Court on the Magistrate Judge's *Proposed Findings and Recommended Disposition (Doc. 9)* (hereinafter "PF&RD"), filed on May 25, 2012. The United States filed objections to the PF&RD on June 11, 2012 [*Doc. 10*], and Petitioner filed a response to the United States' objections on June 25, 2012 [*Doc. 11*]. Pursuant to 28 U.S.C. § 636(b)(1), the Court has conducted a *de novo* review of those portions of the PF&RD to which the United States objects, and finds that the objections are without merit.[1] Accordingly, the Court will: (1) overrule the United States' objections; (2) adopt the PF&RD; (3) grant Petitioner's *Petition For Writ Of Habeas Corpus And Immediate Release From Custody (Doc. 1)*; and (4) enter a judgment dismissing this case with prejudice.

**Background**

As explained in the PF&RD, § 1226(a) governs the detention of an alien pending a decision on whether the alien is to be removed from the United States, and provides that the Attorney General

---

[1]In its objections, the United States cited Fed. R. Crim. P. 53(b)(3) for the standard of review. [*Doc. 10* at 1]. The Court notes that Fed. R. Crim. P. 53 is a rule regarding photographing and broadcasting in a courtroom, and the correct standard of review is found in 28 U.S.C. § 636(b)(1).

may release the alien on bond or conditional parole if he or she does not pose a danger to the community and is not a flight risk. 8 C.F.R. § 236.1(c)(8). Section 1226(c)(1), however, mandates detention of specified criminal aliens pending a decision on their removal without an opportunity for a bond hearing before an immigration judge, including those who are deportable for having committed offenses under § 1227(a)(2)(A)(iii).[2] Section 1226(c) states that "[t]he Attorney General shall take into custody [specific criminal aliens] . . . when the alien is released, without regard to whether the alien is released on parole, supervised release, or probation, and without regard to whether the alien may be arrested or imprisoned again for the same offense." In the PF&RD, the Magistrate Judge found that Petitioner is not subject to mandatory detention under § 1226(c) because he was not detained immediately upon his release on probation. [*Doc. 9* at 15].

## United States' Objections

### *A. The Fourth's Circuit's Holding in* Hosh v. Lucero

The United States' first objection to the PF&RD is that the Court should decline to follow the recommended disposition in the PF&RD, and instead follow the Fourth Circuit's recent decision in *Hosh v. Lucero*, --- F.3d ----, 2012 WL 1890390 at *3 (4th Cir. May 25, 2012). In *Hosh*, the Fourth Circuit held that § 1226(c) applied even though the alien there was taken into custody three years after the conviction that made him deportable, relying upon the holding in *Montalvo-Murillo*. 2012 WL 1890390 at *1 and 4-5. The Court finds that this objection is without merit for several reasons. First, the *Hosh* decision is not binding on this Court, and does not change the fact that, as the Magistrate Judge pointed out, the <u>majority</u> of federal district courts that have ruled on this issue have agreed that the language "when the alien is released" in § 1226(c) unambiguously means

---

[2]The parties do not dispute that Petitioner is deportable under § 1227(a)(2)(A)(iii), which states that an alien is deportable if he or she "is convicted of an aggravated felony at any time after admission."

2

immediately after their release and have rejected the BIA's interpretation of § 1226(c) in *Matter of Rojas*. *See* [*Doc. 9* at 10-12] (citing *Melero Valdez v. Terry*, No. 2:11-CV-0897, JP/LAM (D. N.M. Feb. 2, 2012 and April 18, 2012) (*Docs. 14* and *18*) (holding that § 1226(c) did not apply where the petitioner was detained more than a year after the conviction that made him deportable under § 1227(a)(2)(A)); *Louisaire v. Muller*, 758 F.Supp.2d 229, 236 (S.D.N.Y. 2010) ("*Matter of Rojas*, however, is wrong as a matter of law and contrary to the plain language of the statute. The clear purpose of § 1226(c)(1) is to authorize the mandatory detention of immigrants who have committed offenses enumerated within § 1226(c)(1)(A)-(D) *immediately* upon their release from criminal sentences for those *same offenses*, even if they are still serving part of their sentence . . . under parole, supervised release, or probation.") (citations and internal quotation marks omitted); *Khodr v. Adduci*, 697 F.Supp.2d 774, 774-75 (E.D.Mich. 2010) (citation omitted) (finding that because § 1226(c) "clearly and unambiguously requires the Attorney General to take into custody certain aliens without delay in order to make applicable the mandatory detention provisions of 8 U.S.C. § 1226(c), the Court does not defer to the Board of Immigration Appeals' decision to the contrary in *Matter of Rojas*"); *Scarlett v. Dept. of Homeland Sec., ICE*, 632 F.Supp.2d 214, 219 (W.D.N.Y. 2009) (holding that § 1226(c) does not apply because the petitioner was not taken into immigration custody until more than eighteen months from the time of his release from incarceration on the underlying criminal charges); *Waffi v. Loiselle*, 527 F.Supp.2d 480, 488 (E.D.Va. 2007) (finding that § 1226(c) does not apply to an alien who was taken into immigration custody over a month after his release from state custody); *Quezada-Bucio v. Ridge*, 317 F. Supp. 2d 1221, 1231 (W.D.Wash. 2004) ("[T]he Court agrees . . . that the mandatory detention statute, [§ 1226(c)], does not apply to aliens who have been taken into immigration custody several months or several years

3

after they have been released from state custody.") (footnote omitted); *Aguilar v. Lewis*, 50 F. Supp. 2d 539, 544 (E.D.Va. 1999); *Alwaday v. Beebe*, 43 F. Supp. 2d 1130, 1133 (D.Or. 1999); *Pastor-Camarena v. Smith*, 977 F. Supp. 1415, 1416-18 (W.D.Wash. 1997) (construing IIRIRA § 303(b)(3)(A), which "is a transitional rule that temporarily suspend[ed] operation of . . . § 1226(c)(1)"); *Nunez v. Elwood*, Civil Action No. 12-1488 (PGS), 2012 WL 1183701 at *3 (D.N.J. April 9, 2012) (unpublished) ("The Court finds that 'when . . . released' means 'immediately' and not 'any time after' release as determined by the BIA's interpretation [in *Matter of Rojas*]."); *Parfait v. Holder*, Civil No. 11-4877 (DMC), 2011 WL 4829391 at *6 (D.N.J. Oct. 11, 2011) (unpublished) (holding that because "taking the alien into custody more than two and one-half years after the alien is released does not fall within the command to take the alien into custody when the alien is released, the BIA's interpretation is contrary to the plain meaning of the statute"); *Beckford v. Aviles*, Civil Action No. 10-2035 (JLL), 2011 WL 3515933 at *7-9 (D.N.J. Aug. 9, 2011) (unpublished) (rejecting reasoning of *Matter of Rojas* and finding that the phrase "when the alien is released" is unambiguous and held that an alien who was taken into immigration custody nearly three years after he was released from incarceration was not subject to mandatory detention under § 1226(c)(1)); *Keo v. Lucero*, No. 1:11cv614, 2011 WL 2746182 *3-5 (E.D. Va. July 13, 2011) (unpublished) (holding that § 1226(c) does not apply when alien was released from incarceration eight years prior to being detained for removal proceedings); *Sylvain v. Holder*, Civil No. 11-3006 (JAP), 2011 WL 2580506 at *7 (D.N.J. June 28, 2011) (unpublished) (holding that § 1226(c) does not apply when alien was released from incarceration four years prior to being detained for removal proceedings); *Dang v. Lowe*, Civil No. 1:CV-10-0446, 2010 WL 2044634 (M.D.Pa. May 20, 2010) (unpublished) (same interpretation of § 1226(c)); *Bromfield v. Clark*, No. C06-757RSM, 2007 WL 527511 at *4-5 (W.D.

Wash. Feb. 14, 2007) (unpublished); *Boonkue v. Ridge*, No. CV 04-566-PA, 2004 WL 1146525 at *2 (D.Or. May 7, 2004) (unpublished).

The *Hosh* decision only overruled three of these opinions -- *Waffi*, 527 F.Supp.2d 480, *Aguilar*, 50 F.Supp.2d 539, and *Keo v. Lucero*, 2011 WL 2746182. The Court further notes that there are additional cases that have found that § 1226(c) is not ambiguous and applies when there has been an immediate detention. *See Kot v. Elwood*, Civil No. 12-1720 (FLW), 2012 WL 1565438 at * (D.N.J. May 2, 2012) (unpublished) (finding, alternatively, that Section 1226(c) did not apply "because DHS did not take Kot into custody when he was released from criminal incarceration . . ., but allowed him to live in the community for 12 years before taking him into custody," and this ruling does not meant "that Kot must be released [but r]ather, . . . means that the Immigration Judge will conduct a bond hearing . . . and Kot will be released only if he poses neither a flight risk nor a danger to the community"); *Ortiz v. Holder*, No. 2:11CV1146 DAK, 2012 WL 893154 at *3 (D.Utah March 14, 2012) (unpublished) ("In light of the plain language of the statute at issue, traditional tools of statutory construction, and the legislative history, the court concludes that the inten[t] of Congress is unambiguous: Congress intended for mandatory detention to apply only to noncitizens who are detained *at the time of their release* from criminal custody for an enumerated offense under 8 U.S.C. § 1226(c)."); *Christie v. Elwood*, Civil No. 11-7070 (FLW), 2012 WL 266454 at *9 (D.N.J. Jan. 30, 2012) (unpublished) ("This Court joins the overwhelming majority of courts and finds that Congress clearly intended to give the Attorney General the authority of mandatory detention under § 1226(c)(1) only if the government takes the alien into custody immediately when the alien is released from custody resulting from the removable offense enumerated in § 1226(c).") (citation and internal quotation marks omitted);

In addition, the Fourth Circuit in *Hosh* stated that "[t]he negligence of officers, agents, or other administrators, or other natural circumstances or human error that would prevent federal authorities from complying with § 1226(c), cannot be allowed to thwart congressional intent and prejudice the very interests that Congress sought to vindicate." *Id.* at *5. Here, the United States does not argue that there was any negligence, circumstance, or human error that prevented ICE from detaining Petitioner at the time of his conviction. In addition, the court in *Hosh* stated that it was following "[t]he *Montalvo-Murillo* holding that the Government does not forfeit its ability to detain a defendant after a failure to comply with a statutory immediacy requirement" (*id.*), however, the Court agrees with the Magistrate Judge that finding that the mandatory detention provision does not apply does not prevent the United States from being able to detain Petitioner because the United States can present its arguments regarding flight risk and danger to the community at a bond hearing.

Finally, as noted by Petitioner (*Doc. 11* at 3), the *Hosh* court is not the only circuit court to address the issue of whether the term "when released" is ambiguous. In *Saysana v. Gillen*, 590 F.3d 7 (1st Cir. 2009), the First Circuit found that § 1226(c) was not ambiguous. *Saysana*, 590 F.3d at 14-15 ("We believe that [the United States'] reading of the statutory language is a strained one . . . [because] the plain language of the statute does not render the term 'when released' meaningless as applied to [§§ 1226(c)(1)(A) and (D)]. . . . Absent a clear direction in the text to read multiple uses of the same term to carry different meanings, we shall not do so."). For these reasons, the Court finds that the United States' objection to the PF&RD on the basis of the Fourth Circuit's decision in *Hosh v. Lucero*, is unavailing.

### B. Proper Respondents

The United States next contends that Defendants Macias and Holder Jr. are not proper respondents to this action because the Court does not have personal jurisdiction over those defendants. [*Doc. 10* at 13-14]. The United States relies on *Rumsfeld v. Padilla*, 542 U.S. 426 (2004) for this contention. The Court finds that this objection is without merit for two reasons. First, the United States did not contend that the Court did not have jurisdiction over Defendants Macias and Holder Jr. in its briefs before the Magistrate Judge, and theories raised for the first time in objections are deemed waived. *See United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001) ("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived.") (citing *Marshall v. Chater*, 75 F.3d 1421, 1426–27 (10th Cir. 1996) (same as to issues raised for the first time); *see also Paterson-Leitch Co., Inc. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985, 990-91 (1st Cir. 1988) ("[A]n unsuccessful party is not entitled as of right to de novo review by the [district] judge of an argument never seasonably raised before the magistrate [judge].") (citation omitted)). *See also Unites States v. 51 Pieces of Real Property*, 17 F.3d 1306, 1314 (10th Cir. 1994); Fed .R. Civ. Proc. 12(h)(1). Second, the United States fails to provide any support for its contention that the Court does not have personal jurisdiction over Defendants Macias and Holder, Jr., other than its reliance on *Padilla*, which the Magistrate Judge explained in the PF&RD "'left open the question of whether the Attorney General is a proper respondent to a habeas petition filed by an alien detained pending deportation.'" [*Doc. 9* at 5] (quoting *Padilla*, 542 U.S. at 435 n.8). The United States fails to explain how the Magistrate Judge's finding on this issue is incorrect. The Court, therefore, finds that this objection is without merit and finds no reason to dismiss Defendants Macias and Holder, Jr. *See, e.g., Khodr v. Adduci*, 697 F.Supp. 2d 774, 776-77 (E.D. Mich. 2010) (finding that the ICE District Director was the proper

7

party to a similar habeas petition and explaining that, even if the proper respondent was the warden, the change of respondent is a "simple procedural formality" and "any error would be harmless").

**IT IS THEREFORE ORDERED**, for the reasons stated above, that the United States' objections to the PF&RD [*Doc. 10*] are **OVERRULED**.

**IT IS FURTHER ORDERED** that the Magistrate Judge's *Proposed Findings and Recommended Disposition (Doc. 9)* are **ADOPTED** by the Court.

**IT IS FURTHER ORDERED** that Petitioner's *Petition For Writ Of Habeas Corpus And Immediate Release From Custody (Doc. 1)* is **GRANTED** and Petitioner should be provided an individualized bond hearing pursuant to 8 U.S.C. § 1226(a) **within 21 days of entry of this Order**;

**IT IS FURTHER ORDERED** that if Petitioner is not given a hearing within that time period, Petitioner be released pending issuance of a removal order.

**IT IS FURTHER ORDERED** that this case be **DISMISSED WITH PREJUDICE** and that a final judgment be entered concurrently with this order.

**IT IS SO ORDERED.**

_____
**THE HONORABLE M. CHRISTINA ARMIJO**
**UNITED STATES DISTRICT JUDGE**